NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| BERNARD ANDREW ROTHMAN, | : | |
| Appellant, | : : | |
| v. | : : | Civil No. 20-436 (RBK) |
| WELLS FARGO BANK N.A., *et al.*, | : : | **OPINION** |
| Appellee. | : : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the Appeal (Doc. No. 1) of *pro se* Appellant Bernard Andrew Rothman ("Rothman") and Rothman's Motion (Doc. No. 3) for leave to file a late brief. Rothman appeals the bankruptcy court's January 7, 2020 Order granting Appellee Wells Fargo Bank N.A.'s ("Wells Fargo") Motion to Dismiss Rothman's adversary complaint. For the reasons expressed below, Rothman's Motion for leave to file a late brief will be **GRANTED** but the bankruptcy court's Order is **AFFIRMED**.

I.  BACKGROUND

   A.  **Rothman's Bankruptcy Case and His Other Appeals to this Court**

The Court has already laid out many of the relevant facts in its Opinion in Case No. 19-16039. *See Rothman v. Wells Fargo, N.A.*, No. 19-16039, 2020 WL 2731090, at *1 (D.N.J. May 26, 2020). Nevertheless, the Court sets forth these facts again, for the sake of clarity.

On July 20, 2006, Rothman took out a loan from Superior Mortgage Corporation; this loan was secured by a mortgage on Rothman's property located at 2823 Schooner Lane, Hammonton,

New Jersey (the "Property"). (Doc. No. 7 at 1). The loan and mortgage were later assigned to Wells Fargo. (*Id*. at 2). Beginning in 2016, Rothman struggled to make payments on the loan, and consequently entered into several loan modification agreements with Wells Fargo. (*Id.*).

On March 25, 2019, Rothman filed a petition for relief under Chapter 13 of the Bankruptcy Code. (*Id.*). On April 26, 2019, he voluntarily converted his case to Chapter 7. (*Id.*). On April 29, 2019, the Chapter 7 Trustee sent a notice to creditors advising them that no assets were available and instructing creditors to not file a proof of claim unless later requested. (*Id.*).

On June 24, 2019, Wells Fargo filed a motion to vacate the automatic stay so that it could proceed with its state foreclosure action. (*Id.*). On July 23, 2019, the bankruptcy court held a hearing on Wells Fargo's motion to vacate the automatic stay, over which Judge Altenburg presided. *In re Rothman*, No. 19-15963 (Bankr. D.N.J. July 23, 2019) (Doc. No. 77). Finding that Wells Fargo had shown it was entitled to relief, Judge Altenburg stated on the record at the hearing that he would grant Wells Fargo's motion. *Id.* On July 24, 2019, the bankruptcy court accordingly entered an order, signed by Judge Poslusny, granting Wells Fargo's motion for stay relief. Order, *In re Rothman*, No. 19-15963 (Bankr. D.N.J. July 24, 2019) (Doc. No. 78). Rothman initiated an appeal of this order on August 2, 2019, creating Case No. 19-16039.

While his appeal in Case No. 19-16039 was still pending, Rothman filed a motion in his bankruptcy case seeking a stay pending appeal. *In re Rothman*, No. 19-15963 (Bankr. D.N.J. August 6, 2019) (Doc. No. 88). On August 27, 2019, Judge Poslusny presided over a hearing on Rothman's motion to stay pending appeal. Order, *In re Rothman*, No. 19-15963 (Bankr. D.N.J. Aug. 27, 2019) (Doc. No. 99). After finding that Rothman had not shown a likelihood of success on the merits, Judge Poslusny denied the motion to stay. *Id.* Rothman then appealed Judge Poslusny's denial of his motion for a stay, creating Case No. 19-17593.

On September 10, 2019, the Chapter 7 Trustee filed a notice of abandonment of the Property. Notice of Proposed Abandonment, *In re Rothman*, No. 19-15963 (Bankr. D.N.J. Sept. 10, 2019) (Doc. No. 117). In this notice, the Trustee stated that the value of the Property was $246,132.00, and that there were liens against the Property in the amount of $642,449.83, meaning that there was no equity in the Property. *Id.* Rothman objected to the Trustee's abandonment of the Property. Objection to Chapter 7 Trustee's Notice of Abandonment, *In re Rothman*, No. 19-15963 (Bankr. D.N.J. Oct. 2, 2019) (Doc. No. 125). The Bankruptcy Court held a hearing on October 22, 2019, at which Judge Poslusny overruled Rothman's objection and granted the Trustee's request to abandon the Property, although Bankruptcy Court's Order was not signed and docketed until November 4, 2019. Order, *In re Rothman*, No. 19-15963 (Bankr. D.N.J. Nov. 4, 2019) (Doc. No. 139). Rothman then appealed this Order, creating Case No. 19-19792.

On May 26, 2020, this Court affirmed the bankruptcy court's July 24, 2019 Order that granted Wells Fargo's motion for relief from the automatic stay. *Rothman*, 2020 WL 2731090, at *4. On June 26, 2020, the Court denied as moot Rothman's appeal of the bankruptcy court's denial of his request for a stay pending the appeal of the July 24, 2019 order. *Rothman v. Wells Fargo, N.A.*, No. 19-17593 (D.N.J. June 26, 2020) (Doc. No. 10). And on July 24, 2020, the Court dismissed Rothman's appeal of the bankruptcy court's November 4, 2019 order for failure to comply with the Federal Bankruptcy Rules of Procedure. *Rothman v. Wells Fargo Bank, N.A.*, No. 19-19792 (D.N.J. July 24, 2020) (Doc. No. 12).

**B.  The Adversary Proceeding and This Appeal**

On July 9, 2019, Rothman filed an adversary proceeding against Wells Fargo, Wells Fargo Home Mortgage, Mortgage Electronic Registration Systems, Inc., Kelley Christine Butikofer, and the Federal National Mortgage Association, Adv. Pro. No. 19-02043, arguing that Wells Fargo

3

had improperly failed to file a proof of claim, and accusing it of filing baseless pleadings in his bankruptcy case. Complaint, *Rothman v. Wells Fargo Bank, N.A.*, No. 19-2043 (Bankr. D.N.J. July 9, 2019) (Doc. No. 1) ("Adv. Compl."). On December 4, 2019, the Defendants filed a Motion to Dismiss. *Rothman v. Wells Fargo Bank, N.A.*, No. 19-2043 (Bankr. D.N.J. Dec. 4, 2019) (Doc. No. 26). Rothman filed an Objection to Defendants' Motion on December 17, 2019. *Rothman v. Wells Fargo Bank, N.A.*, No. 19-2043 (Bankr. D.N.J. Dec. 17, 2019) (Doc. No. 35) ("R. Obj.").

On January 7, 2020 the bankruptcy court granted the Defendants' Motion to Dismiss Rothman's adversary complaint because the court lacked subject matter jurisdiction. Transcript of Hearing at 27, *Rothman v. Wells Fargo*, No. 19-02043 (Bankr. D.N.J. Jan. 7, 2020) (Doc. No. 47) ("Trans."). In the alternative, the bankruptcy court found that even if it had subject-matter jurisdiction it would abstain from hearing the case under either the mandatory abstention doctrine or the permissive abstention doctrine. *Id.* at 27–31.

On January 14, 2020 Rothman initiated this appeal of the decision to dismiss his adversary complaint. (Doc. No. 1). On May 26, 2020, Rothman filed a Motion for Leave to File a Late Brief (Doc. No. 3) and a proposed brief (Doc. No. 4).

## II.   LEGAL STANDARD

This Court has jurisdiction over final judgements and all orders of the bankruptcy court pursuant to 28 U.S.C. § 158. A district court's review of the bankruptcy court's factual findings applies the clearly erroneous standard, while legal conclusions are reviewed *de novo*. *See* Fed. R. Bankr. P. 8013; *In re Sharon Corp.*, 871 F.2d 1217, 1222 (3d Cir. 1989). A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed," even if there is evidence to support the finding. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992) (quoting

4

*United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district court reviews the bankruptcy court's "exercise of discretion for abuse thereof." *Manus Corp. v. NRG Energy, Inc.*, (*In re O'Brien Envtl. Energy, Inc.*), 188 F.3d 116, 122 (3d. Cir. 1999). "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *Id.*

### III.   DISCUSSION

Rothman requests that this Court grant his Motion to file a late brief. (Doc. No. 3). The Federal Rules of Civil Procedure allow a court to extend deadlines *nunc pro tunc* "if the party failed to act because of an excusable act." Fed.R.Civ.P. 6(b)(1)(B). While Rothman's brief cites the COVID-19 pandemic and his inability to access PACER as reasons for his failure to timely file his brief, (Doc. No. 3 at 3), Wells Fargo aptly notes that Rothman has already filed several briefs on appeal in this Court before and is well aware of the procedures necessary for his appeal, (Doc. No. 7 at 4). Notwithstanding the aforementioned reasons to deny Rothman's request brief, the Court will grant Rothman's Motion but will nevertheless affirm the bankruptcy court's order because Rothman presents no non-frivolous argument that the bankruptcy court had subject-matter jurisdiction over his adversary complaint.

In its Motion to Dismiss the adversary complaint, Wells Fargo mounted a factual attack on the bankruptcy court's subject-matter jurisdiction. On a factual attack to subject-matter jurisdiction, the plaintiff has the burden of proof. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The complaint's assertions regarding subject matter jurisdiction are not given the presumption of truth. *Id.* Further, when attempting to determine the factual elements necessary for subject matter jurisdiction, the court may even consider evidence outside the pleadings to

determine whether it has jurisdiction. *Constitution Party of Pa. v. Aichele,* 757 F.3d 347, 358 (3d Cir. 2014).

Pursuant to 28 U.S.C § 1334(b), the bankruptcy court has jurisdiction over four types of proceedings: "(1) cases under title 11, that is, the bankruptcy petition; (2) proceedings arising under title 11; (3) proceedings arising in a bankruptcy case; and (4) proceedings related to a bankruptcy case." *In re Exide*, 544 F.3d 196, 205 (3d Cir. 2008). The first three categories are "core" proceedings, while the fourth category covers "non-core" proceedings. *Id.* When determining whether a claim is a core or non-core proceeding, courts "must first look to the illustrative list of core proceedings found in § 157(b)(2)" and then must assess whether the claim "invokes a substantive right provided by title 11" or "is a proceeding that by its nature, could only arise in the context of a bankruptcy case." *Id.*

Rothman's adversary complaint did not provide any clear cause of action, but sought to "strike, dismiss with prejudice fully all pleadings from Wells Fargo." Adv. Compl. at 12. In his brief before this Court, Rothman makes no discernible argument as to why this claim is within the subject-matter jurisdiction of the bankruptcy court. However, before the bankruptcy court he asserted that his claim was a core proceeding, specifically invoking the examples set forth at Section 157(b)(2)(B), (G), (H), and (I). (R. Obj. at 4–7).

The bankruptcy court properly found that Rothman's claim was not a core proceeding under Section 157(b)(2)(B), (G), (H), or (I). Trans. at 25–27. As the bankruptcy court noted, Section 157(b)(2)(B) covers "allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 or title 11." Wells Fargo never filed a claim against Rothman's estate, making Section 157(b)(2)(B) inapplicable.

Section 157(b)(2)(G) covers "motions to terminate, annul, or modify the automatic stay." By the time of the hearing on Wells Fargo's Motion to Dismiss, the bankruptcy court had already granted Wells Fargo's request for relief from the automatic stay, and the adversary complaint had nothing to do with the adversary complaint. Thus, Section 157(b)(2)(G) is also inapplicable.

Section 157(b)(2)(H) applies to "proceedings to determine, avoid, or recover fraudulent conveyances." Rothman's adversary complaint contains no allegations concerning fraudulent conveyances. Finally, Section 157(b)(2)(I) covers "determinations as to the dischargeability of particular debts." Rothman received his discharge in September 2019. Order Discharging Debt, *In re Rothman*, No. 19-15963 (Bankr. D.N.J. Sept. 12, 2019) (Doc. No. 120). Consequently, the outcome of the proceeding could not have impacted the dischargeability of any debts, nor did the adversary complaint make any such allegation.

Although Rothman's claim is not a core proceeding, he also argued that the bankruptcy court could exercise its "related to" jurisdiction over his claim. (R. Obj. at 13). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handing and administration of the bankrupt estate." *W.R. Grace & Co. v. Chakarian*, 591 F.3d 164, 171 (3d Cir. 2009) (internal quotation omitted). Because "abandoned property is no longer property of the estate," once a property is abandoned by the Trustee, "the [c]ourt lacks 'related to' subject matter jurisdiction" over claims concerning such property. *In Re Lyn*, 483 B.R. 440, 451 (Bankr. D. Del. 2012). Relatedly, once the bankruptcy estate is fully administered the bankruptcy court no longer has jurisdiction over claims that at an earlier time may have been related to the bankruptcy. *In Re Smalis*, 684 F. App'x 109, 112 (3d Cir. 2017).

The bankruptcy court reasoned that because Rothman had already received his discharge and because the Property had already been abandoned, Rothman's estate had been fully administered, and thus the outcome of the adversary proceeding "could not conceivably have any affect on the bankruptcy case." Trans. at 25. On this appeal, Rothman provides no reason to question this conclusion. Therefore, the bankruptcy court correctly determined that it lacked subject-matter jurisdiction over the adversary complaint.

### IV. CONCLUSION

For the foregoing reasons, Rothman's Motion (Doc. No. 3) to file a late brief is **GRANTED** but the bankruptcy court's January 7, 2020 Order is **AFFIRMED**. An Order follows.

Dated: 8/18/2020                                                      /s/ Robert B. Kugler
                                                                       ROBERT B. KUGLER
                                                                       United States District Judge